UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER KNECHT,

    Plaintiff,                                      Civil Action No.1:12-cv-763

vs.                                          Spiegel, J.
                                                         Bowman, M.J.

CITY OF CINCINNATI, OHIO, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on the City of Cincinnati's ("City") motion to dismiss[1] (Doc. 17) and Plaintiff's memorandum *contra*. (Doc. 19). Pursuant to local practice, this case has been referred to the undersigned magistrate judge for disposition of all pretrial matters, including the filing of a report and recommendation on any dispositive motions. See 28 U.S.C. §636(b). For the reasons set forth herein, I now recommend that the City's motion to dismiss should be **GRANTED**.

**I. BACKGROUND AND FACTS**

Plaintiff, Christopher Knecht, brings this *pro se* action under state and federal law for alleged civil rights violations committed by the City of Cincinnati ("City") and Margo Springs ("Springs"). According to the Complaint, Plaintiff alleges that the City provided inaccurate records of Plaintiff's criminal history. (Doc. 4). In 1987, Plaintiff was charged

---

[1] Defendants' instant motion to dismiss is directed at Plaintiff's amended complaint (Doc. 14). Defendants previously filed a motion to dismiss (Doc. 9) filed in response to Plaintiff's original complaint. (Doc. 4). Since amended complaints supersede the original pleading, the previous motion to dismiss is moot. *See Yates v. Applied Performance Technologies, Inc.*, 205 F.R.D. 497, 499, 2002 WL 193845 (S.D.Ohio 2002) (the filing of an amended complaint renders the previous motion to dismiss moot).

with two counts of theft and two counts of aggravated burglary. Plaintiff then entered into a plea agreement. He pled guilty to one count of aggravated burglary and one count of theft in exchange for dismissal of the other counts. In 2007, Plaintiff applied for a job and received a copy of his background report. The report indicated that he had been convicted of four felonies. As a result, Plaintiff then went to the Hamilton County Clerk to inquire about his report. The clerk corrected the inaccurate information.

In 2008, it came to Plaintiff's attention that he was listed on the Ohio Adult Parole Authority website. Plaintiff's parole ended in 2003. Plaintiff contacted the Ohio Adult Parole Authority. Later that day, the Ohio Adult Parole Authority removed Plaintiff's information from the website. In 2012, Plaintiff obtained a copy of his conviction record transcript. Plaintiff alleges that report inaccurately listed that he was convicted of three felonies and that he inflicted physical harm on his victims – which he did not. Because of these inaccuracies, Plaintiff asserts that he was not hired, was refused a lease agreement for an apartment, was denied social service benefits, and is subjected to heightened police interaction.

Plaintiff's criminal convictions are maintained by the Regional Crime Information Center, which is maintained by the City through its Enterprise Technology Solutions office. (Doc. 17). Defendant Springs is the chief information officer at Enterprise Technology Solutions. (Doc. 17). Plaintiff alleges that since the City maintains the database which contains his criminal history, and his history has been reported incorrectly, the City and Springs have breached a duty to accurately safeguard his criminal history. Construed liberally, it appears that Plaintiff is asserting that the City of

Cincinnati is in violation of 28 C.F.R. 20.21. The City of Cincinnati and Springs now move to dismiss Plaintiff's complaint.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### III. ANALYSIS

The City seeks dismissal of Plaintiff's complaint due to Plaintiff's failure to perfect service on Defendants, lack of subject matter jurisdiction and failure to state any federal claim upon which relief may be granted. Defendants further assert that they are entitled to qualified immunity. Upon careful review, the undersigned finds that Plaintiff's complaint lacks subject matter jurisdiction and fails to state a claim for relief. As such, Defendants motion to dismiss is well-taken.[2]

First, the undersigned finds that Plaintiff's complaint provides no basis for this court to invoke jurisdiction. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). It appears that Plaintiff seek to invoke this Court's jurisdiction pursuant to the Civil Rights Act of 1871 and 28 U.S.C. §§1331 and 1343(a)(3-4); and the Declaratory Judgment Act of 1934, 28 U.S.C. §§2201 and 2202. Upon close inspection of the complaint, such statutes are inapplicable to the facts of this case.

As noted by the City, to the extent that Plaintiff seeks to invoke diversity jurisdiction of the Court, such assertion is not well-taken. There is no diversity between the parties, which is required pursuant to 28 U.S.C. §1332(a), because all because all parties are citizens of the state of Ohio. (Doc. 4, ¶¶2-4). For a federal court to have

---

[2] Defendants assert that is unclear whether service has been perfected on the city of Cincinnati and/or Margo Springs because the docket does not reflect service of the summons and complaint nor does it include an entry that a summons was returned executed on either party. Notably, however, Defendants are not asserting that they did not receive a copy of the summons and complaint. To the contrary, their pending motions suggest otherwise. In light of the Sixth Circuit's strong preference that cases be adjudicated on the merits, this contention is not well-taken. *See Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003).

diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)).

Plaintiff's complaint also fails to assert a federal question. Notably, district courts have original federal question jurisdiction over cases "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. §1331. Although the complaint invokes the Court's jurisdiction under the Civil Rights Act and Declaratory Judgment Act, the complaint fails to include any facts and/or identify any constitutional rights which Defendants have violated or any federal laws which Defendants have broken. As noted by the City, construed liberally, Plaintiff's complaint asserts only that Defendants are in violation of the City of Cincinnati's Charter, Articles I and IV, and R.C. §149.40. (Doc. 4, ¶¶ 16-18). In addition, none of Plaintiff's three causes of action identify any federal violations. He merely claims that Defendants have violated "clearly established law." (Doc. 4, ¶¶29-31. Such conclusory allegations fail to establish a basis for federal subjection matter jurisdiction. In light of the foregoing, Plaintiff's complaint fails to establish subject matter jurisdiction, thereby warranting dismissal. S*ee Williams v. Cincy Urban Apts.*, Case No. 1:10-cv153, 2010 WL 883856, at *2 (S.D. Ohio Mar. 9, 2010).

Furthermore, assuming *arguendo*, that Plaintiff has properly invoked the Court's jurisdiction, Plaintiff's complaint also fails to state any federal claim upon which relief may be granted. Thus, Plaintiff's complaint is also properly dismissed pursuant to Rule

5

12(b)(60 of the Federal Rules of Civil Procedure.

"The state's interest in maintaining accurate criminal records stems from the valuable role they serve in effective law enforcement. Such records meet the compelling public need for an effective and workable criminal identification procedure." *United States v. Davis*, E.D.Mich. No. 81-CR-20033, 2008 WL 2714119 (July 7, 2008) (citations omitted). As noted in Plaintiff's complaint, each time he discovered an inaccuracy in his report, the reporting agency promptly corrected the error. Although it is unfortunate that the error on his criminal history report occurred, Plaintiff does not allege than the Clerk refused to correct his record. Notably, Plaintiff's complaint fails to contain sufficient factual allegations to state a claim against the City "that is plausible on its face." *Iqbal* at 199. Since the Plaintiff's complaint fails to state a claim for relief upon which relief may be granted, it should be dismissed. Moreover, the complaint fails to establish that this Court has subject matter jurisdiction. Plaintiff asserts his claims fall under federal law, but fails to identify any rights that have been violated or state any question invoking federal law.

However, even assuming Plaintiff's complaint stated a claim for relief; Defendant Springs is entitled to qualified immunity. Qualified immunity is an affirmative defense that shields government officials from civil liability unless their actions violate Plaintiff's "clearly established statutory or constitutional rights of which a reasonable person would have known." *Bukowski v. city of Akron*, 326 F.3d 702, 708 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The question for the Court is whether "the facts alleged show the employee's conduct violated a constitutional right?" *Marvin*

6

*v. City of Taylor*, 509 F.3d 234, 244 (6th Cir.2007). Plaintiff has produced no evidence that Defendant Springs violated his statutory or constitutional rights. And, there is no evidence to support that she knew anything about Plaintiff's inaccurate record. Therefore, she is entitled to qualified immunity.

With respect to the City of Cincinnati, the City can be liable for the unlawful or unconstitutional actions of its employees even if the individual is qualifiedly immune. Qualified immunity does not deny that the employee performed the alleged improper conduct, only that she is not liable for damages. *See Fenstermaker v. City of Dayton, Ohio*, 712 F.Supp. 639, 643, 1988 WL 156148 (S.D.Ohio 1988). To determine whether a municipality may be liable for state torts, the Court must engage in a three-tiered analysis. *Hortman v. City of Miamisburg*, 110 Ohio St.3d 194 (Ohio 2006). First, the functions of political subdivisions are governmental functions and proprietary functions. R.C. § 2744.02(A)(1). Unless an exception in R.C. § 2744.02(B) applies, the political subdivision is not liable in damages allegedly caused by any act or omission of the political subdivision or an employee in connection with a governmental or proprietary function. The City of Cincinnati is a political subdivision and therefore is able to assert immunity. R.C. § 2744.02(A)(1).

A governmental function is a function of a political subdivision "that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement." R.C. § 2744.01(C)(1)(a). R.C. § 109.571 establishes a compact between the state of Ohio and other states who are members of the national crime prevention and privacy compact. The compact

7

requires Ohio to share criminal history records for purposes such as background and employment checks. R.C. § 109.57 outlines the duties of the superintendent of the bureau of criminal identification and investigation. One of the duties is to maintain all pertinent information for all persons convicted of a felony. Therefore, maintaining criminal records is a governmental function according to R.C. § 2744.02(A)(1). Thus, the City is immune from liability unless an exception to immunity applies.

The only exception that would apply in this case is R.C. 2744.02(B)(2) which states that political subdivisions are "liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Plaintiff however, has produced no evidence of employee negligence. Therefore, since none of the exceptions listed in R.C. 2744.02(B) apply, the City is entitled to immunity. As such, the Court does not have to determine whether any of the defenses in R.C. 2744.02 apply.

### III. CONCLUSION

Based on the foregoing, the undersigned concludes that the motion to dismiss is well-taken. It is therefore **RECOMMENDED** that the Defendants' motion to dismiss (Doc. 17) be **GRANTED,** and this case be **TERMINATED** from the active docket of this Court.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER KNECHT,

    Plaintiff,                                      Civil Action No.1:12-cv-763

    vs.                                                Spiegel, J.
                                                        Bowman, M.J.

CITY OF CINCINNATI, OHIO, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).