**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHRISTOPHER KNECHT,

    Plaintiff,                                         Civil Action No.1:12-cv-763

    vs.                                                 Spiegel, J.
                                                      Bowman, M.J.

CITY OF CINCINNATI, OHIO, et al.,

    Defendants.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

The undersigned previously issued a Report and Recommendation (R&R) that the City's motion to dismiss should be granted. (Doc. 21). Judge Spiegel, however, rejected the R&R and determined "that out of an abundance of caution, Plaintiff's Complaint merits further review." (Tr. 26). Accordingly, Judge Spiegel remanded this matter back to the undersigned for further consideration of Plaintiff's Amended complaint. *Id.* Pursuant to the Court's remand Order, the undersigned issues the following supplemental recommendation.[1]

**I. BACKGROUND AND FACTS**

Plaintiff, Christopher Knecht, brings this *pro se* action under state and federal law for alleged civil rights violations committed by the City of Cincinnati ("City") and Margo Springs ("Springs"). According to the Amended Complaint, Plaintiff alleges that the City provided inaccurate records of Plaintiff's criminal history. (Doc. 14). In 1987, Plaintiff was charged with two counts of theft and two counts of aggravated burglary. Plaintiff

---

[1] The prior Report and Recommendation is herein incorporated by reference.

then entered into a plea agreement.  He pled guilty to one count of aggravated burglary and one count of theft in exchange for dismissal of the other counts.  In 2007, Plaintiff applied for a job and received a copy of his background report.  The report indicated that he had been convicted of four felonies.  As a result, Plaintiff then went to the Hamilton County Clerk to inquire about his report.  The clerk corrected the inaccurate information.

In 2008, it came to Plaintiff's attention that he was listed on the Ohio Adult Parole Authority website. Plaintiff's parole ended in 2003.  Plaintiff contacted the Ohio Adult Parole Authority.  Later that day, the Ohio Adult Parole Authority removed Plaintiff's information from the website.  In 2012, Plaintiff obtained a copy of his conviction record transcript.  Plaintiff alleges that report inaccurately listed that he was convicted of three felonies and that he inflicted physical harm on his victims – which he did not.  Because of these inaccuracies, Plaintiff asserts that he was not hired, was refused a lease agreement for an apartment, was denied social service benefits, and is subjected to heightened police interaction.

Plaintiff's criminal convictions are maintained by the Regional Crime Information Center, which is maintained by the City through its Enterprise Technology Solutions office.  (Doc. 17).  Defendant Springs is the chief information officer at Enterprise Technology Solutions.  (Doc. 17).  Plaintiff alleges that since the City maintains the database which contains his criminal history, and his history has been reported incorrectly, the City and Springs have breached a duty to accurately safeguard his criminal history.

2

Plaintiff's Amended Complaint asserts four causes of action.

First, Plaintiff claims that the City and Springs, have compiled, maintained and disseminated inaccurate criminal records about him "contrary to well established law" which they "knew or should have known existed." (Doc. 14, ¶40).

Second, Plaintiff claims that the City and Springs have "failed to comply with applicable law in regards to the proper maintaining, compiling, and dissemination of" his criminal records which resulted in his being denied employment "contrary to well established law" which defendants "knew or should have known existed." *Id.*, ¶41.

Third, Plaintiff claims that the City and Springs failed to provide a policy and procedure to address claims of inaccurate maintenance, compilation and dissemination of criminal records, which he alleges, is "contrary to well established law." *Id.*, ¶42.

Fourth, Plaintiff claims that his Due Process rights were violated based on his failure to receive notice and a hearing before adverse action was taken against him as it relates to the criminal records practices by the City and Defendant Springs. *Id.,* ¶43.

The City of Cincinnati and Springs now move to dismiss Plaintiff's amended complaint.

**II. STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**III. ANALYSIS**

The City seeks dismissal of Plaintiff's amended complaint, on the merits, because the City and Defendant Springs are immune under Revised Code 2744. As such, Defendants' contend that Plaintiff's first three claims fail as a matter of law. The City further contends that Plaintiff's Fourth Cause of Action alleging a due process claim, fails because he cannot establish a protected liberty interest in accurate criminal records. Each assertion will be addressed in turn.

*A. State Law Claims*

Plaintiff's First and Second Causes of Action allege that the Defendants

4

negligently failed to maintain, compile and prepare accurate criminal records in violation of "applicable [undefined] law." Plaintiff's Third Cause of Action Alleges that the Defendants negligently failed to establish a policy and procedure to address claims of inaccurate records. (Doc. 14 ¶¶ 40-42). The City and Springs assert that they are immune for the inaccurate maintenance, compilation, preparation, and/or dissemination of inaccurate criminal records. Likewise, they are immune from failure to develop policies and procedures through which to dispute those records. The undersigned agrees.

As outlined in the prior R&R, "the state's interest in maintaining accurate criminal records stems from the valuable role they serve in effective law enforcement. Such records meet the compelling public need for an effective and workable criminal identification procedure." *United States v. Davis*, E.D.Mich. No. 81-CR-20033, 2008 WL 2714119 (July 7, 2008) (citations omitted). With respect to the City of Cincinnati, the City can be liable for the unlawful or unconstitutional actions of its employees even if the individual is qualifiedly immune. Qualified immunity does not deny that the employee performed the alleged improper conduct, only that she is not liable for damages. *See Fenstermaker v. City of Dayton, Ohio*, 712 F.Supp. 639, 643, 1988 WL 156148 (S.D.Ohio 1988). To determine whether a municipality may be liable for state torts, the Court must engage in a three-tiered analysis. *Hortman v. City of Miamisburg*, 110 Ohio St.3d 194 (Ohio 2006). First, the functions of political subdivisions are governmental functions and proprietary functions. R.C. § 2744.02(A)(1). Unless an exception in R.C. § 2744.02(B) applies, the political subdivision is not liable in damages allegedly caused

5

by any act or omission of the political subdivision or an employee in connection with a governmental or proprietary function. The City of Cincinnati is a political subdivision and therefore is able to assert immunity. R.C. § 2744.02(A)(1).

A governmental function is a function of a political subdivision "that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement." R.C. § 2744.01(C)(1)(a). R.C. § 109.571 establishes a compact between the state of Ohio and other states who are members of the national crime prevention and privacy compact. The compact requires Ohio to share criminal history records for purposes such as background and employment checks. R.C. § 109.57 outlines the duties of the superintendent of the bureau of criminal identification and investigation. One of the duties is to maintain all pertinent information for all persons convicted of a felony. Therefore, maintaining criminal records is a governmental function according to R.C. § 2744.02(A)(1). Thus, the City is immune from liability unless an exception to immunity applies.

The only exception that would apply in this case is R.C. 2744.02(B)(2) which states that political subdivisions are "liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Plaintiff however, has produced no evidence of employee negligence. Therefore, since none of the exceptions listed in R.C. 2744.02(B) apply, the City is entitled to immunity. As such, the Court does not have to determine whether any of the defenses in R.C. 2744.02 apply.

With respect to Defendant Springs, R.C. 2744.03(A)(6) expressly provides for

6

Defendant Springs' immunity unless one of the following applies: 1) she acted outside the scope of her employment; 2) she acted maliciously and in bad faith, or 3) civil liability may be expressly imposed upon by the Revised Code. *Id.* The amended complaint alleges that "Plaintiff emailed Springs on June 6, 2012, demanding that the inaccurate information be removed no later than June 8, 2012, and never received a response from defendant Springs." (Doc. 14, ¶ 14.). Plaintiff further alleges that "Defendant Springs provided plaintiff with no notice nor an opportunity to be heard concerning the inaccurate information she and defendant, City of Cincinnati, Ohio has been maintaining, compiling, preparing, and disseminating about the plaintiff." Such assertions fails to establish that Defendant Springs meets any of the three exceptions to employee immunity set forth in R.C. 2744.03(A)(6)(1-3). Accordingly, Plaintiff's state law claims against defendant Springs are properly dismissed.

    *B. Constitutional Violation*

As detailed above, Plaintiff's Fourth Cause of Action invokes the Due Process Clause of the Fourteenth Amendment and alleges that his due process rights were violated. (Doc. 14, ¶43). Specifically, Plaintiff asserts:

> The Due Process clause of the Fourteenth Amendment to the United States Constitution entitled plaintiff to notice and a hearing before adverse action is taken against him affecting his liberty, and thus the Court should declare the rights of plaintiff and all other similarly situated consistent with 28 U.S.C. §§2201-2202.

(Doc. 14, ¶ 43).

In order to establish a due process claim, a Plaintiff must allege facts establishing three elements: 1) a constitutionally protected interest; 2) a deprivation of that interest

7

within the meaning of the due process clause; and 3) the government did not afford him adequate procedural rights prior to depriving him of his protected interest. *Med. Corp., Inc. v. City of Lima, et al.*, 296 F.3d 404, 409 (6th Cir. 2002); *Fox v. Corrigan, et al*, 161 Fed. App'x 522, 524, 2005 WL 3557172 (6th Cir. 2005) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 541 (1985)).

With respect to the first element, constitutionally protected property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth*, 408 U.S. 564, 576-78 (1972). In order for Plaintiff to show a property interest in accurate criminal records, he must allege facts that show that he has a legitimate claim of entitlement to it, not just a unilateral expectation of it. *Id.* at 577. Here, as noted by the City, Plaintiff has failed to cite any case law that clearly establishes a constitutional property or liberty right to accurate criminal records.

Furthermore, to the extent Plaintiff's amended complaint could be construed as asserting a federal claim under 28 CFR Part 20, such a claim also fails as a matter of law. 28 CFR Part 20 relates to governmental entities' collection, storage or dissemination of his criminal records. However, CFR Part 20 does not provide a private right of action against Defendants. The Supreme Court has made clear that a statute must explicitly confer a right that is privately enforceable by the beneficiaries. *Gonzaga University v. Doe,* 536 U.S. 273, 282, 122 S. Ct. 2268 (2002) ("it is *rights*, not the broader or vaguer 'benefits' or 'interests,' that may be enforce under the authority of

8

[§1983]. " Therefore 28 CFR Part 20 is enforceable under §1983 only if "Congress intended to confer individual rights upon a class of beneficiaries." *Id.* at 285. Accordingly, the undersigned finds that Plaintiff has failed to state a federal claim for relief.

### III.  CONCLUSION

Based on the foregoing, the undersigned concludes that the motion to dismiss is well-taken.  It is therefore **RECOMMENDED** that the Defendants' motion to dismiss Plaintiff's amended complaint (Doc. 17) be **GRANTED,** and this case be **TERMINATED** from the active docket of this Court.

  *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER KNECHT,

    Plaintiff,                                     Civil Action No.1:12-cv-763

    vs.                                           Spiegel, J.
                                                   Bowman, M.J.

CITY OF CINCINNATI, OHIO, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10