```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

|                          |   |                      |
|--------------------------|---|----------------------|
| CHRISTOPHER KNECHT,      | : | NO. 1:12-CV-00763    |
|     Plaintiff,           | : |                      |
|     vs.                  | : | **OPINION AND ORDER**|
| CITY OF CINCINNATI, et al.,| : |                      |
|     Defendants.          | : |                      |

This matter is before the Court on the Magistrate Judge's Supplemental Report and Recommendation (doc. 35), Plaintiff's Objection and Motion for Leave to File Limited Amended Complaint (doc. 37), the City's Response and Opposition to Plaintiff's Motion for Leave to File Amended Complaint (doc. 38), and Plaintiff's Reply (doc. 39). For the reasons indicated herein, the Court declines to adopt the Magistrate Judge's Report and Recommendation and DENIES the City's Motion to Dismiss (doc. 17); it further GRANTS Plaintiff's Motion to Amend (doc. 37).

**I. Background**

More than twenty-five years ago Plaintiff entered guilty pleas to one count of aggravated burglary and one count of aggravated theft (doc. 35). Twenty years later, when applying for work, he obtained a copy of his background report (Id.). The report indicated he had been convicted of four felonies (Id.). Plaintiff inquired with the Clerk of Courts of Hamilton County,

Ohio, who corrected the information (Id.). A year later, in 2008, Plaintiff discovered that he was listed on the Ohio Adult Parole Authority website, even though he had been off parole for five years (Id.). Plaintiff contacted the Parole Authority, which corrected the situation (Id.).

Four years later, in 2012, Plaintiff obtained a copy of his conviction record transcript (Id.). This transcript inaccurately listed that he was convicted of three felonies and that he inflicted physical harm on his victims--which he did not (Id.). Plaintiff contends that because of these inaccuracies, he was not hired, was refused a lease agreement for an apartment, was denied social service benefits, and is subjected to heightened police interaction (Id.).

Plaintiff's criminal convictions are maintained by the Regional Crime Information Center, which is maintained by the City through its Enterprise Technology Solutions Office (doc. 17). Individual Defendant Margo Springs is the chief information officer at such office (Id.). Plaintiff alleges that because the City maintains the database that contains his criminal history, and his history has been reported incorrectly, the City and Springs have breached a duty to accurately report his history (Id.).

Plaintiff originally brought this pro se action under state and federal law alleging civil rights violations by the City of Cincinnati and Springs (doc. 14). In his current briefing, Plaintiff appears to abandon any claim premised on state law, and

2

seeks through a motion to amend to convert all of his claims to denial of federal due process (docs. 37, 39).

The Magistrate Judge initially issued a Report and Recommendation that the Court grant the City's motion to dismiss (doc. 21), after which the Court remanded the matter for further consideration of Plaintiff's due process claim (doc. 26). Upon remand, the Magistrate Judge once again recommended that the Court grant the City's motion and dismiss this matter (doc. 35). The parties have filed their responses (docs. 37, 38, 39) such that this matter is ripe for the Court's review.

**II. Plaintiff's Motion to Amend**

As an initial matter, Plaintiff seeks to convert the counts of his Complaint previously construed under state law to claims brought under the Fourteenth Amendment. Plaintiff, who is proceeding pro se, already added a fourth count alleging a federal due process violation. The previous counts merely elaborate on his allegations and refer to violation of "well-established law." Plaintiff seeks to replace the words "well-established law," with "the Fourteenth Amendment" (doc. 37). Defendants oppose such amendment (doc. 38).

The United States Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore

3

v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982)). Therefore, taking into consideration the liberal standard of Fed. R. Civ. P. 15, the Court finds Plaintiff's motion to file Amended Complaint should be granted. No undue prejudice accrues to Defendants, who in their own briefing contend "Plaintiff's requested amendments would do nothing to alter the legal analysis in this case" (doc. 38). The Court agrees. This case revolves around whether Plaintiff can establish violation of liberty interests. Plaintiff's allegations in Counts One through Three merely inform the claim in Count Four, for violation of due process rights. As such, the Court finds that justice requires that Plaintiff's "limited" motion be granted, and this matter be completely construed as one brought under federal law.

**III. Plaintiff's Due Process Claim**

The Magistrate Judge stated that in order to establish a due process claim, Plaintiff must allege facts establishing three elements: 1) a constitutionally protected interest; 2) a deprivation of that interest within the meaning of the due process clause; and 3) the government did not afford him adequate procedural rights prior to depriving him of his protected interest (doc. 35, citing Med. Corp., Inc. v. City of Lima, et al., 296 F.3d 404, 409 (6th Cir. 2002)). The Magistrate Judge's analysis then focused on the first prong, stating, "[i]n order for Plaintiff to show a property interest in accurate criminal records, he must

4

allege facts that show he has a legitimate claim of entitlement to it, not just a unilateral expectation of it" (Id. citing Regents v. Roth, 408 U.S. 564, 577 (1972)). She concluded, "Plaintiff has failed to cite any case law that clearly establishes a constitutional property or liberty right to accurate criminal records" (Id.).

Plaintiff responded, citing the authorities Pruett v. Levi, 622 F.2d 256 (6th Cir. 1980), and Paul v. Davis, 424 U.S. 693, 712-13 (1976), contending a claim of constitutional injury can indeed arise from a state entity's dissemination of false information (doc. 37). Plaintiff further proffers a copy of his record transcript, which incorrectly classifies his aggravated burglary conviction with "INFLCT HARM" (doc. 12). Plaintiff indicates that Ohio's aggravated burglary statute, O.R.C. § 2911.11, was amended in 1996, more than a decade after his offense, to include the infliction or attempt of physical harm on another (Id.). He alleges that Defendants purposefully entered the information to alter his record to reflect that he inflicted physical harm, and then disseminated such false information, along with an extra aggravated burglary charge (Id.). In his view, he is entitled to discovery to determine how long such wrong information was disseminated, which prejudiced his attempts at employment, housing, and social services (Id.).

The City responded as well. In the City's view, under Pruett, one can only have a claim for dissemination of false

5

records where an inaccuracy is discovered, brought to the attention of the agency, but the inaccuracy remains un-rectified and is continually disseminated. In the City's view, so long as it takes "reasonable" measures to safeguard the accuracy of information, it should not be liable for "accidentally maintain[ing]" inaccurate records (doc. 38). The City contends that when Plaintiff asked the City to correct his records on June 6, 2012, by October 5 of the same year his records were corrected (Id.). As such, the City argues Plaintiff has alleged no specific harm accrued to him after his request for a correction, such that his Complaint should be dismissed (Id.).

Plaintiff responds that the City's argument fails to contemplate the apparent number of years that it disseminated false information to his detriment (doc. 39). In his view, the fact that the City ultimately rectified the wrong information should not clear it of liability (Id.).

**IV. Analysis and Conclusion**

Having reviewed this matter, the Court first finds the briefing of the parties, particularly of pro se Plaintiff, of exceptional quality. Despite the argument of the City's very capable counsel, the Court is convinced that Plaintiff has pleaded a plausible theory that Defendants' dissemination of false information violated his liberty interests in seeking employment, housing, and social services. He has alleged that he had difficulties in pursuing such liberty interests, and it is entirely

6

plausible that the City's dissemination of the false information that his more than twenty-five-year old conviction involved infliction of harm played a part in such difficulties.  Citizens should be entitled to second-chances, and government authorities should not make re-entry to society as a convicted felon more difficult than it already is.  Plaintiff alleges one property manager would not rent to him due to the false belief that Plaintiff had been in prison for harming someone.  As such, the Court finds Defendants' dissemination of information was more than a mere "inaccuracy," <u>Paul v. Davis</u>, 424 U.S. 693, 712-714 (rejecting a claim for harm to reputation cause by dissemination of inaccurate flyer), but rather, due to the alleged amount of time involved, such action arose to a violation of liberty interests. A citizen should be able to expect that government entities will not disseminate false information about him to the detriment of his employment and housing opportunities.

      Accordingly, for the reasons indicated herein, the Court declines to adopt the Magistrate Judge's Supplemental Report and Recommendation (doc. 35).  As such, the Court GRANTS Plaintiff leave to file an Amended Complaint (doc. 37), consistent with this Order, and DENIES the City's Motion to Dismiss (doc. 17).

      SO ORDERED.

DATED: September 4, 2014    <u>s/S. Arthur Spiegel</u>
                                          S. Arthur Spiegel
                                          United States Senior District Judge