UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER KNECHT,

    Plaintiff,                      Civil Action No.1:12-cv-763

vs.                                   Black, J.
                                       Bowman, M.J.

CITY OF CINCINNATI, OHIO, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendants' City of Cincinnati and Margo Springs ("the City") motion to set aside this Court's entry of default judgment and for leave to file its Amended Answer out of time (Doc. 56), and the parties' responsive memoranda. (Docs. 58, 60)  In the alternative, the City also moves to strike the Amended Complaint on which this Court has entered Default since it was filed without leave of Court in violation of Civ. Rule. 15(a)(1) and (2).

**I**. **Procedure History and Facts**

Plaintiff filed his Complaint on October 12, 2012 against the City defendants. (Doc. 4).  Thereafter, the City moved to dismiss the Complaint and served a copy to the Plaintiff. (Doc. 9).  Plaintiff opposed the motion and the City filed a Reply. (Docs. 12 and 13).

On February 21, 2013, over 21 days after the City's service of its Civ. R. 12(B) Motion to Dismiss, Plaintiff filed an Amended Complaint without leave of Court. (Doc. 14). The City did not object or move to strike the Amended Complaint; rather, it filed another Motion to Dismiss. (Doc. 17).

On July 26, 2013, the undersigned Magistrate Judge entered a Report and Recommendation ("R&R") that the City's motion to dismiss be granted. Plaintiff filed objections to the R&R, which were granted and the matter was remanded back to the Magistrate Judge for further consideration of the allegations raised in Plaintiff's Amended Complaint. (Doc. 21). (Docs. 23 and 26). On July 28, 2014, the undersigned issued a Supplemental R&R granting the City's Motion to Dismiss. (Doc. 35). The District Judge rejected the R&R and issued an Order denying Defendant's motion to dismiss.  The Court also granted Plaintiff leave to file a Second Amended Complaint. (Docs. 37 and 40). Despite receiving leave of Court, Plaintiff did not file a Second Amended Complaint.

On September 19, 2014, Plaintiff filed an Application to the Clerk for Entry of Default against Defendant City of Cincinnati and Margo Springs.  (Doc. 53).  On October 13, 2014, the City filed an Answer to the Amended Complaint. It did so out of time and without leave of court.  Since then, the parties have engaged in discovery and continued to actively litigate this matter.  Notably, the City has responded to three separate sets of Interrogatories; two Requests for Production of Documents (over 800 pages of relevant documents) and one Request for Admissions. The Parties have entered into a Rule 26(f) Status Report (Doc. 46) and engaged in a pre-trial conference with the Court.

Thereafter, Plaintiff filed a motion to strike the City's Answer to the complaint. (Doc. 45).  Plaintiff then filed a motion to compel discovery on November 25, 2014. On December 11, 2014, Plaintiff withdrew the motion to strike the City's Answer to the Amended Complaint.  (Doc. 52). On December 12, 2014, the Clerk entered default as to

Defendants City of Cincinnati and Margo Springs. (Doc. 55). Three days later, the City filed the instant motion to set aside default. (Doc. 56).

**II. Analysis**

"The court may set aside an entry of default for good cause [.]" Fed.R.Civ.P. 55(c). The decision to grant or deny a Rule 55(c) motion is within " the discretion of the trial judge." *Shepard Claims Serv., Inc. v. William Darrah & Assoc,* 796 F.2d 190, 193 (6th Cir.1986). However, there is "a strong preference for trials on the merits in federal courts [.]" *Id.*

To determine whether good cause exists to set aside an entry of default under Rule 55(c), the Court must consider three factors, namely "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress,* 663 F.3d 832, 838–39 (6th Cir.2011) (citing *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839 (6th Cir.1983)). "[A]lthough 'all three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *Krowtoh II LLC v. ExCelsius Intern. Ltd.,* 330 Fed. Appx. 530, 535 (6th Cir.2009) (citation omitted).

Here, the City contends that the factors weigh in favor of setting aside default. The undersigned agrees. First, there is no evidence that the City's default was willful. Namely, the City mistakenly understood that Plaintiff would be amending his complaint, given that he had requested and been granted permission to do so. (Doc. 40). As

such, the City intended to file an Answer once Plaintiff filed his Second Amended Complaint. When that did not occur, the City filed its Amended Answer. However, the City failed to seek leave of court before filing it out of time. Next, setting aside default would not prejudice Plaintiff. As noted above, the parties have continued to litigate this matter and have engaged in extensive discovery. Where there is no allegation that delay caused prejudice, the Sixth Circuit has ruled that it is proper for a trial court to deny a motion for default judgment. *Marshall v. Bowles*, 92 Fed.Appx. 283, 285 (6th Cir. 2004).

Last, the City alleges a meritorious defense. "[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir.1996). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir.2006) (citations omitted). Here, Plaintiff asserts that his due process rights were violated by alleged discrepancies with his criminal record for which he faults the City. The City and Margo Springs allege that they have not violated Plaintiff's due process rights and that Defendant Springs is entitled to qualified immunity.

### III. Conclusion and Recommendation

Accordingly, based on the foregoing, it is herein **RECOMMENDED** that Defendant's Motion to Set Aside the Entry of Default (Doc. 56) be **GRANTED**; and (2) the Clerk's Entry of Default be **VACATED**. (Doc. 55). It is further **RECOMMEDED** that

5

the City be granted leave to files its Answer out of time, *nunc pro tunc*, and the City's Answer (Doc. 43) be **ACCEPTED as FILED.**

                                      *s/ Stephanie K. Bowman*
                                      Stephanie K. Bowman
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER KNECHT,

       Plaintiff,                              Civil Action No.1:12-cv-763

vs.                                        Black, J.
                                               Bowman, M.J.

CITY OF CINCINNATI, OHIO, et al.,

       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).